EUGENE B. McNEELY AND EDNA McNEELY, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. JOHN J. GASKO AND EVELYN D. GASKO, HIS WIFE, DEFENDANTS-APPELLANTS.

Submitted May 4, 1943—Decided June 28, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiffs-respondents, *Armstrong & Mullen* (*Arthur C. Mullen*).

For the defendants-appellants, *James M. Muth*.

The opinion of the court was delivered by

CASE, J. Plaintiffs and defendants were tenants and landlords, respectively, under a written lease. The leased property consisted of a roadside lunch room and the contents thereof. During the term of the lease, building and contents were destroyed without fault on the part of either the tenants or the landlords. The McNeelys, tenants, sued to recover a deposit of $150. The Gaskos, landlords, counter-claimed in the amount of $500 for the value of the destroyed fixtures and equipment. The District Court gave judgment in favor of the plaintiffs and against the defendants, and the defendants appealed.

The lease called for an annual rental of $600 in equal monthly installments of $50. That rental included both the building and the fixtures and equipment. The case was tried before the District Court on stipulated facts.

The lease contained these provisions (italics inserted) :

"4. The Tenants will keep the premises in as good repair as the same shall be at the commencement of the term (*wear and tear arising from a reasonable use of the same and damage by the elements occurring without any fault or neglect of the Tenants excepted*), *and at the expiration or other end of the term shall deliver up* the peaceable possession thereof to the Landlords. \* \* \*

"8. The *Tenants shall, in case of fire,* give immediate notice to the Landlords, who shall thereupon cause the damage to be immediately repaired; but if the premises are so damaged that the Landlords shall decide to rebuild or shall decide not to repair or rebuild, *the term shall cease and the accrued rent be paid up to the time of fire.*

"14. It is hereby agreed that the fixtures and equipment set forth on the list hereto annexed are hereby *let under the terms and provisions of this lease as a part of this letting and that the use of such fixtures and equipment is subject to all of the terms and provisions of this lease;* that none of said fixtures and equipment are at any time to be removed from the hereby leased premises but the same are to be surrendered upon the expiration or other termination of this lease in as good condition as they now are, reasonable wear and tear excepted. In the event that any of said fixtures and equipment are damaged, injured or destroyed, they shall by the Tenants be at once repaired or replaced, as the case may be."

It is the contention of the appellants that the lease required the tenants to replace the destroyed fixtures and equipment notwithstanding the destruction was due to fire without fault or negligence on their part. Had the case rested upon the common law relating to bailments for hire, the tenants would not have been liable. *Kittay* v. *Cordasco,* 103 *N. J. L.* 156. Likewise, under our construction of the lease the tenants are not liable. It is true that paragraph 14, relating to the fixtures and equipment, does not specifically except damages caused by the elements. Nevertheless, the paragraph does provide that the use of the fixtures and equipment is subject to all of the terms and provisions of the lease; and a part

of those terms and provisions is that damage by the elements, occurring without fault or negligence on the part of the tenants, is not chargeable to the tenants.

It is our view that the several provisions of the instrument must be construed so as to give effect to all, if that may be done; particularly since there was a single letting of both building and contents to be used in conjunction for the purpose of a roadside business. The obligation to repair or replace has reference, we think, to damage or destruction from causes other than the elements. We conclude, therefore, that inasmuch as the destruction of the contents was caused by fire without fault or neglect of the tenants the latter were under no obligation to repair or replace the contents.

The judgment below will be affirmed, with costs.